IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALBERTO MARTE, et al.<br><br>　　　　Defendants. | Criminal Case No. 16-mj-03187-KAR |

## MEMORANDUM AND ORDER DENYING SO MUCH OF THE GOVERNMENT'S DETENTION MOTION AS SEEKS PRE-TRIAL DETENTION OF ANTHONY PATINO

With Alberto Marte and others, defendant Anthony Patino is charged by complaint with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A). The government has moved for pre-trial detention as to all of the defendants with the exception of defendant Anjuly Tavares, who is on pre-trial release subject to conditions. The court held an evidentiary hearing on so much of the government's motion as pertains to defendants Anthony Patino, Julian Declet, and Pablo Rosario on September 30, 2016, and, at the conclusion of the hearing, took the government's motion under advisement as to these defendants.

According to the complaint and to testimony at the hearing, the government contends that each of the defendants played a role in a conspiracy to distribute heroin that resulted in the distribution of between two and twenty kilograms of heroin in Springfield each month from at least January 2016, when the investigation was initiated, through September 22, 2016, when law enforcement officers executed search warrants and arrested the defendants. The investigation was initiated after heroin distributed in Western Massachusetts resulted in a number of overdoses

1

and deaths. The government has invoked the presumption of detention set forth in 18 U.S.C. § 3141€(3)(A), which applies when a defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

The question of pre-trial detention as to Patino is exceptionally close. The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g), and include the nature and circumstance of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

As to the nature of the crime charged, defendant is charged with being a participant in a conspiracy to distribute large quantities of heroin in Springfield. The court heard evidence that Patino was arrested in a so-called mill house at 152 Lebanon Street in Springfield in the presence of a large amount of heroin, packaged and unpackaged. No evidence was introduced by the government, however, to show that Patino drove any of the five vehicles alleged to have drug hides in them, handled cash for the conspiracy, transported heroin from New York City to Springfield (as did others), or communicated with Alberto Marte, the alleged leader of the conspiracy, about the acquisition or distribution of heroin. While the government's case for Patino's participation in the conspiracy appears strong as to packaging the controlled substance for distribution, the government's evidence at the detention hearing did not show him playing a key role in the importation of heroin into this area.

In terms of Patino's personal characteristics, Probation and Pretrial Services represents that while he is legally in the United States, he may be subject to deportation if convicted. While

Patino claims to have been employed, Probation and Pretrial Services could not confirm a record of employment. However, he has no criminal record. He has family ties to this community, including three young children, and in New York City, including his mother and two older children, which appear to outweigh his personal ties to the Dominican Republic.

Notwithstanding the presumption, *see* 18 U.S.C. § 3142(e)(3), based on the evidence about the role Patino played in the alleged conspiracy and his personal background, and taking into account the recommendation for pretrial release by Probation and Pretrial Services, the court concludes that are conditions of supervised release that will reasonably ensure the safety of other persons and the community and his future appearances in court if he is released pending trial. A form of conditions of release for Patino is attached hereto as exhibit 1. The United States Marshal is ordered to keep Patino in custody until a surety bond is posted and all other conditions of release, including installation of location monitoring equipment, are satisfied, at which time Patino will appear in court for a further hearing on the conditions of release.

Dated: October 5, 2016

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge